UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| DEJUAN DARNELL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:14 CV 43 |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Dejuan Darnell, a *pro se* prisoner, filed a petition under 28 U.S.C. § 2254 challenging a prison disciplinary proceeding. (DE 1.) The court is obligated to review the petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES.

According to the petition and attachments, Darnell is an inmate within the Indiana Department of Correction ("IDOC"). In 2007, he was assigned to work release under the Community Transition Program, during which time he was housed at the Marion County Correctional Facility ("the jail"). He was given a job search pass while at the jail, but he failed to return at the allotted time. A warrant was issued for his arrest, but he was not apprehended by law enforcement until 2012. After his arrest, he was charged in state court with escape, and later pled guilty to this offense. The IDOC also initiated a disciplinary proceeding charging Darnell with escape/failure to return. (DE 1 at 7.) He was found guilty, and as a result he lost 180 days of earned-time credit toward

his original sentence. (*Id.*) In this petition, Darnell requests that the court vacate the disciplinary sanction and restore the 180 days of credits. (*Id.* at 3.)

When prisoners lose earned time credits in a disciplinary proceeding, the Fourteenth Amendment Due Process Clause guarantees them certain procedural protections: (1) advance written notice of the charge; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974).

Here, Darnell does not argue that any of his *Wolff* rights were violated. Instead, he asserts a double jeopardy violation based on the fact that he was convicted in state court and later punished by the IDOC for the same conduct. (DE 1 at 2.) However, this argument is unavailing, because double jeopardy principles do not apply in the prison disciplinary context. *See Meeks v. McBride*, 81 F.3d 717, 722 (7th Cir. 1996).

In his remaining claim, Darnell argues that the state court should not have gotten involved in the matter at all, because he was in the custody of IDOC when he absconded from the jail. (DE 1 at 2.) Putting to one side whether Darnell could raise such a claim after pleading guilty, it is apparent that he is trying to challenge his state conviction. He cannot do so in this disciplinary case. His is free to pursue a new habeas petition challenging his state conviction, subject to the constraints of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") and after exhausting his available

state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A). For his convenience the clerk will send him the appropriate form. However, the court offers no opinion about the merits of any claim he may have or the wisdom of pursuing this course.

For these reasons, the petition (DE 1) is **DISMISSED** pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES. The clerk is **DIRECTED** to send the petitioner a blank AO-241 (Rev. 10/07) (INND Rev. 6/13) form.

**SO ORDERED.**

Date: May 30, 2014

/s James T, Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT